SIMON S. LESSLER, ET AL., TRUSTEES
(Estate of Annie Lessler)
vs.
IRVING LOCKE

Superior Court         Fairfield County         File #50295

Present:   Hon. ARTHUR F. ELLS, Judge.

David Lessler,                     Attorney for the Plaintiffs.

David Goldstein;
George Saden,                    Attorneys for the Defendant.

## MEMORANDUM FILED FEBRUARY 15, 1937.

ELLS, J.   This is an action on a note containing a provision that it is subject to the condition contained in a certain mortgage deed.   The defendant purchased land subject to a blanket mortgage held by Graves Goodsell and Hughes, and the note now being sued on had as "collateral security" a mortgage providing that if the land is released by the seller, Lessler, from this blanket mortgage, then defendant is to pay Lessler the $1700, but if the land is not so released on or by the maturity of this note (Aug. 10, 1932) then the money is to be paid to Graves Goodsell and Hughes and to Lessler as their interest may appear.

Clearly the situation was this.   The defendant owed a balance on his purchase price.   He was to secure it by a mortgage on this property.   But the land was already subject to a mortgage.   If that mortgage was released before the maturity of his note, he was to pay Lessler or his assigns; if not, he must pay Graves Goodsell and Hughes or their assigns. He was not to pay twice.   He was to get his land free and clear of encumbrance upon payment of $1700.   The substituted complaint then alleges an assignment of the blanket mortgage in 1935 by Goodsell Graves and Hughes to one Prakas and on July 7, 1936 subsequent to the date of the original complaint, an assignment by Prakas to the plaintiffs, Simon and David Lessler, Trustees; and that the defendant has failed to pay.

The first special defense alleges that on the date when this action was originated the plaintiffs had no interest in the note in question.

The plaintiff demurs.   Clearly the demurrer is not well taken.   It is overruled.

The second defense alleges a purchase price of $2500, this note of $1700 in part payment, and the conditional mortgage

above referred to; that the note and mortgage were intended to make the land in question subject to the blanket mortgage, which is set out in full; that it was not intended to be a second mortgage subject to the blanket mortgage, but to cover one and the same indebtedness; that the blanket mortgage was foreclosed and the title vested in Prakas; that the defendant was not a party to the foreclosure. If this be true, then Lessler had the benefit of the blanket mortgage, and the defendant did not. Lessler was to get the $1700 only if the land was freed from the blanket mortgage. Lessler got his $1700 from the original loan. He never repaid it. Now he wants to get it again from the defendant. The demurrer to this defense is overruled.

The third defense is much the same. It states that the stated conditions were not fulfilled, and therefore the defendant is not indebted.

The next defense alleges the defendant agreed to pay the $1700 for a release of the land in question, and that the plaintiffs have not fulfilled their agreement.

The principal point herein discussed is a novel one. The plaintiff cites several Connecticut cases which seem to support his contention. But they are all cases dealing with second mortgages. The contention of this defendant is that this is not a second mortgage at all. The defendant's defenses are at least equitable, and appeal to one's sense of fair play. Our mortgage law is sometimes harsh. The defendant ought at least to be permitted to make his defense. The trial judge will then be in better position, having all the facts before him, to apply the law. I am not willing to say, with only part of the picture visible, that the proposed defense is not good.

The demurrer is overruled in its entirety.